**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4807**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

ANTONIO TEJADA-MARTINEZ,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:09-cr-01068-HMH-2)

_____

Submitted:  March 30, 2012      Decided:  April 10, 2012

_____

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant. Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Tejada-Martinez pled guilty, pursuant to a plea agreement, to conspiracy to possess fifty grams or more of methamphetamine with intent to distribute, 21 U.S.C. § 846 (2006) (Count One). The district court calculated Tejada-Martinez's advisory Guidelines range as 87-108 months under the U.S. Sentencing Guidelines Manual (2009), but imposed the mandatory minimum sentence of ten years' imprisonment, which became the Guidelines range. See USSG § 5G1.1(c)(2). On appeal, Tejada-Martinez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that Tejada-Martinez's waiver of appeal rights in his plea agreement was not valid and that the district court erred in deciding that he did not qualify for a sentence below the mandatory minimum under the safety valve provision in USSG § 5C1.2(a)(1-5). Tejada-Martinez was notified of his right to file a pro se supplemental brief, but has not filed a brief.

We first note that Tejada-Martinez's notice of appeal was untimely and that the district court denied an extension of time to file based on excusable neglect. In criminal cases, appeals periods are not jurisdictional, but are court-prescribed "claim-processing rules" that do not affect this court's subject-matter jurisdiction. See Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) (stating that non-statutory claim-processing

2

rules are not jurisdictional); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009) ("[T]h non-statutory time limits in Appellate Rule 4(b) do not affect subject matter jurisdiction."). The appeal period may still be enforced by this court when the Rule 4(b) time bar is invoked by the government or sua sponte when judicial resources or administration are implicated or the delay in noting the appeal has been inordinate. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008). However, in this case, the government has not invoked the Rule 4(b) time bar or moved to dismiss the appeal as untimely. Moreover, the filing delay of fifty-two days was not inordinate, and consideration of the merits of the case will not waste judicial resources. Therefore, we conclude that dismissal of the appeal based on the untimely notice of appeal is not appropriate.

Next, we note that, in his plea agreement, Tejada-Martinez waived the right to appeal his conviction and sentence. A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). However, the government has not chosen to enforce the waiver, and it is our policy not to raise this issue sua sponte. Therefore, we need not consider whether the waiver is dispositive of this appeal. See id. at 271 (stating that, if an Anders brief is filed in a case with an

3

appellate waiver, the government's failure to respond "allow[s] this court to perform the required <u>Anders</u> review"). Accordingly, we conclude that our review is not limited by the appeal waiver.

With respect to the safety valve provision, the district court had before it reliable information that Tejada-Martinez was not entirely truthful on two occasions when he was interviewed by the government and thus did not meet the fifth requirement for eligibility under § 5C1.2(a). The defendant has the burden of showing that he meets all five criteria for application of the safety valve provision. <u>United States v. Henry</u>, ___ F.3d ___, 2012 WL 745536, at *7 (4th Cir. Mar. 8, 2012); <u>United States v. Aidoo</u>, ___ F.3d ___, 2012 WL 641026, at *3 (4th Cir. Feb. 29, 2012). The district court's determination concerning eligibility for safety valve relief is reviewed for clear error. <u>Henry</u>, 2012 WL 745536 at *6. Tejada-Martinez failed to show that he truthfully provided the government with all information he had concerning the offense and related conduct. <u>See</u> USSG § 5C1.2(a)(5); <u>Aidoo</u>, 2012 WL 641026 at *8 (extent of disclosure required). We are satisfied that the district court did not clearly err in so finding, and in deciding that he did not qualify for a sentence below the mandatory minimum pursuant to the safety valve provision.

4

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>