# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TIMOTHY A. RICE,

*Petitioner-Appellant,*

v.

M. L. RIVERA, Warden,

*Respondent-Appellee.*

No. 08-8191

TIMOTHY A. RICE,

*Petitioner-Appellant,*

v.

M. L. RIVERA, Warden,

*Respondent-Appellee.*

No. 09-6001

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
G. Ross Anderson, Jr., Senior District Judge.
(2:08-cv-01390-GRA)

Argued: March 23, 2010

Decided: September 7, 2010

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Reversed and remanded with directions; authorization denied
by published per curiam opinion.

**COUNSEL**

**ARGUED:** Stephen Rawson, DUKE UNIVERSITY
SCHOOL OF LAW, Durham, North Carolina, for Appellant.
Jeffrey Mikell Johnson, OFFICE OF THE UNITED STATES
ATTORNEY, Columbia, South Carolina, for Appellee. **ON
BRIEF:** James E. Coleman, Jr., Sean E. Andrussier, Michael
Gilles, Brian Kappel, James McKell, DUKE UNIVERSITY
SCHOOL OF LAW, Durham, North Carolina, for Appellant.
W. Walter Wilkins, United States Attorney, Robert F. Daley,
Jr., Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina,
for Appellee.

---

**OPINION**

PER CURIAM:

In 1990, appellant Timothy Rice was convicted in the Dis-
trict of South Carolina of using a firearm during and in rela-
tion to a drug trafficking offense, in contravention of 18
U.S.C. § 924(c). In 2008, Rice sought habeas corpus relief,
maintaining that his § 924(c) conviction had been rendered
illegal by the Supreme Court's decision in *Bailey v. United
States*, 516 U.S. 137 (1995), which circumscribed what it
means to "use" a firearm in violation of § 924(c). In the dis-
trict court, the Government agreed with Rice's *Bailey* conten-
tion, explaining in its answer to his habeas corpus motion that
the conduct underlying his § 924(c) conviction failed to sat-
isfy *Bailey*'s definition of that offense. Independently of its
answer to the habeas motion, the Government moved the
court to vacate Rice's § 924(c) conviction. The district court,
however, declined to award any relief to Rice. *See Rice v.
Rivera*, No. 2:08-cv-1390 (D.S.C. Sept. 24, 2008) (the "Dis-
trict Court Opinion").[1] Rice has appealed the denial of both

---

[1]The District Court Opinion is found at J.A. 55-68. (Citations herein to
"J.A. __" refer to the Joint Appendix filed by the parties in this appeal.)

motions. As explained below, we conclude that the district court lacked jurisdiction over Rice's habeas corpus motion, decline to authorize the filing of a second or successive habeas motion, reverse the denial of the Government's motion to vacate the § 924(c) conviction, and remand for the conviction to be vacated.

I.

On July 26, 1990, a federal grand jury in South Carolina indicted Rice on five drug-related offenses, including the 18 U.S.C. § 924(c) offense underlying these proceedings. The evidence concerning Rice's § 924(c) charge is easily summarized. Upon the execution of a search warrant at Rice's home in Spartanburg, South Carolina, on May 3, 1990, the police found Rice in his bedroom. The officer who testified on the § 924(c) charge in the 1990 trial related that, when the police entered the bedroom, Rice was lying on the bed and "reached over to a table over next to his bed and there was a nine millimeter handgun laying on the table." J.A. 35. The officer advised Rice that he would "kill him if he didn't . . . reach back from the gun." *Id.* In response, Rice "rolled back in the bed and laid down," submitting to arrest without further incident. *Id.* Rice also testified, denying that he had reached for the gun.

The district court instructed the jury on the § 924(c) offense in a manner consistent with this Court's then-existing precedent that "constructive possession of a firearm in connection with a drug trafficking offense was sufficient to establish 'use.'" *In re Jones*, 226 F.3d 328, 330 (4th Cir. 2000). Specifically, the court instructed that "[t]he phrase 'used a firearm' means having a firearm available to aid in the commission of the drug trafficking crimes." J.A. 42. The instructions also explained that "[a] firearm can be considered used in relation to a felony involving drug trafficking if the person possessing it intended to use the gun as a contingency arose" — "[f]or example, to protect himself or to make escape possible." *Id.*

On October 17, 1990, the jury found Rice guilty of the
§ 924(c) offense, as well as the four other charges.[2]

In 1995, three years after Rice's convictions and sentence
were affirmed on direct review by this Court, the Supreme
Court decided *Bailey v. United States*, 516 U.S. 137 (1995),
which narrowed the meaning of "use" in § 924(c). The *Bailey*
decision rejected our previous conclusion that mere posses-
sion of a firearm in connection with a drug trafficking offense
could constitute "use." *See* 516 U.S. at 143. Instead, the Court
held "that the Government must prove *active employment* of
a firearm in order to convict under the 'use' prong of
§ 924(c)." *Jones*, 226 F.3d at 330 (emphasis added) (citing
*Bailey*, 516 U.S. at 143).

On July 6, 2001, more than five years after *Bailey* was
decided, Rice filed a *pro se* habeas motion under 28 U.S.C.
§ 2255. The district court dismissed the § 2255 motion —
which did not challenge Rice's § 924(c) conviction — as
time-barred under the Antiterrorism and Effective Death Pen-
alty Act. Rice then sought but was denied a certificate of
appealability.

On April 9, 2008, Rice filed in the district court the *pro se*
habeas motion at issue in this appeal (the "Habeas Motion"),
asserting that the *Bailey* decision rendered his § 924(c) con-
viction illegal. The Habeas Motion was filed pursuant to 28
U.S.C. § 2241, even though "[t]hose convicted in federal
court are required to bring collateral attacks challenging the
validity of their judgment and sentence by filing a motion to
vacate sentence pursuant to [§ 2255]." *In re Vial*, 115 F.3d
1192, 1194 (4th Cir. 1997) (en banc).

On July 7, 2008, the Government filed its answer to the

---

[2]The district court sentenced Rice to more than thirty years on the four
other offenses. He received a five-year consecutive sentence on the
§ 924(c) conviction, which he is not yet serving.

Habeas Motion (the "Answer"). Despite noting a potential jurisdictional challenge to Rice's use of § 2241, the Answer acknowledged that the Habeas Motion was "properly brought." J.A. 27, 31. It also agreed with Rice that relief should be granted on the merits, specifying that the § 924(c) conviction "must be vacated" because the conduct "that was used as a basis for such conviction does not meet the definition of the offense as set forth in *Bailey*." *Id.* at 27.

Two days later, on July 9, 2008, the Government went one step further on Rice's behalf, independently moving the district court to vacate Rice's § 924(c) conviction (the "Motion to Vacate"). Incorporating the analysis of the Answer, the Motion to Vacate informed the court that "[t]he United States agrees that Petitioner is entitled to have his conviction . . . vacated." J.A. 49. Accordingly, the Government moved the district court "to vacate the conviction of Timothy A. Rice . . . as to Count Five of Indictment Number 90-310, which count charges a violation of 18 U.S.C. § 924(c)." *Id.* at 49-50. The Motion to Vacate was filed by the United States Attorney and signed by the same Assistant United States Attorney who had successfully prosecuted Rice in 1990.

Rice's Habeas Motion and the Government's Motion to Vacate were submitted to a magistrate judge, who issued a report and recommendation to the district court. Explaining that the parties agreed that "the facts and evidence do not support a conviction under § 924(c)," the magistrate judge recommended awarding relief on the Habeas Motion, and did not address the separate Motion to Vacate. J.A. 52 (internal quotation marks omitted). On September 24, 2008, the court declined to adopt the magistrate judge's recommendation and denied both the Habeas Motion and the Motion to Vacate. *See* District Court Opinion 13-14. Although the court believed that it possessed jurisdiction to consider the Habeas Motion under § 2241, it disagreed with both Rice and the Government on the application of *Bailey* to the § 924(c) conviction. As a result, the court ruled "that there is a factual basis for which

to sustain the conviction," and denied the Habeas Motion. *Id.* at 13. Additionally, the court summarily denied the Motion to Vacate, stating only that "the facts and evidence [are] sufficient to sustain a conviction." *See id.* at 14.

Thereafter, Rice filed a timely notice of appeal. On appeal, the Government has become somewhat of a moving target, altering its earlier position in two important respects. First, the Government now asserts that there is no jurisdictional basis for the Habeas Motion, contending that it is simply an unauthorized second or successive § 2255 motion. Second, contradicting the position espoused in its Answer and subsequent Motion to Vacate, the Government now agrees with the district court on the merits of the *Bailey* issue. It has not, however, reneged on or sought to withdraw its Motion to Vacate.

## II.

### A.

In resolving this appeal, we first assess the habeas corpus aspect of these proceedings, including whether jurisdiction exists over the Habeas Motion. As noted, the Government now challenges Rice's ability to seek habeas corpus relief under 28 U.S.C. § 2241, contending that jurisdiction was lacking in the district court and that the Habeas Motion should have been dismissed as a second or successive motion under 28 U.S.C. § 2255. Although such reversals of position are distasteful occurrences, and the Government's change of position is not to be encouraged, its about-face is irrelevant to our resolution of the jurisdictional issue. In short, "[e]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008) (internal quotation marks omitted).

As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief

from their convictions and sentences through § 2255. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). It is only when "§ 2255 proves inadequate or ineffective to test the legality of detention," that a federal prisoner may pursue habeas relief under § 2241. *See id.* (alteration and internal quotation marks omitted). Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion." *Id.* at 1194 n.5.

Rice maintains on appeal that § 2241 is the appropriate vehicle for habeas relief because he is "actually innocent" of the 18 U.S.C. § 924(c) offense yet procedurally barred from filing a § 2255 motion. Our *In re Jones* decision — which also concerned an innocence claim under *Bailey v. United States*, 516 U.S. 137 (1995) — delineates the circumstances in which § 2241 may be used to pursue such a habeas claim. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). More specifically, § 2255 is inadequate and ineffective — and § 2241 may be utilized — when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. In short, under the *Jones* rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavail-

able to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

In these circumstances, the district court lacked jurisdiction over the Habeas Motion because Rice is unable to satisfy the second prong of the *Jones* rule. Under *Jones*, § 2255 can be deemed "inadequate or ineffective" only if, "*subsequent to the prisoner's . . . first § 2255 motion*, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *Jones*, 226 F.3d at 333-34 (emphasis added). Here, the Supreme Court issued its *Bailey* decision in 1995, at a point in time when Rice had not yet filed a § 2255 motion.[3] Thus, *Bailey* was not decided "subsequent to [Rice's] . . . first § 2255 motion," as required by *Jones*. As a result, Rice cannot now establish that § 2255 is ineffective or inadequate to test the legality of his § 924(c) conviction.

Put simply, Rice is not entitled to pursue habeas corpus relief under § 2241. Because the district court should have dismissed the Habeas Motion for lack of jurisdiction, we reverse on the Habeas Motion and remand. Under these circumstances, however, we are also obliged to construe Rice's appeal as a request for leave to file a second or successive § 2255 motion. *See United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). And, because *Bailey* did not establish a new rule of constitutional law, we are constrained to deny that request. *See Vial*, 115 F.3d at 1198.

## B.

Having disposed of the habeas corpus aspect of this appeal,

---

[3]Moreover, Rice had not filed his first § 2255 motion by 1998, when *Bailey* was made retroactive to cases on collateral review. *See Bousley v. United States*, 523 U.S. 614 (1998); *see also Vial*, 115 F.3d at 1197 n.9 (explaining that statute of limitations was tolled until *Bailey* became retroactive).

we turn to an assessment of the district court's denial of the Motion to Vacate. Although the Motion to Vacate does not identify the authority under which it is made, the Government represented at oral argument that its sole source of authority is Federal Rule of Criminal Procedure 48(a), which provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." In evaluating the district court's treatment of the Motion to Vacate, we again begin with the question of whether the court possessed jurisdiction. We then consider whether Rule 48 authorized the Government to utilize the Motion to Vacate in these circumstances (i.e., after conviction and direct appeal). Finally, we assess whether the court properly evaluated and disposed of the Motion to Vacate.[4]

---

[4] Notably, Rice asserted in his *pro se* informal appellate brief that the district court improperly evaluated and disposed of the Motion to Vacate, thereby preserving this claim for our review. Rice has emphasized that the Motion to Vacate should have been granted because *Bailey* rendered his conviction illegal. In assessing the Motion to Vacate, however, we are obliged to consider other issues — whether the court had jurisdiction over the Motion to Vacate, whether Rule 48 authorized such a motion, and whether the court utilized the proper legal standard in disposing of the motion. *See Poole*, 531 F.3d at 270 (recognizing appellate court's "special obligation to satisfy itself" of lower court's jurisdiction (internal quotation marks omitted)); *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 25 (4th Cir. 1963) ("[A] party's misconception of the legal theory of his case does not work a forfeiture of his legal rights."). Moreover, that those issues were not better developed in Rice's formal opening brief is presumably because we instructed Rice's appointed counsel (the Appellate Litigation Clinic at Duke University) to focus on whether the "district court correctly found Rice's [§ 924(c)] conviction lawful after *Bailey*." Letter from Fourth Circuit to Duke Univ. Sch. of Law, Appellate Litig. Clinic, *Rice v. Rivera*, Nos. 08-8191/09-6001 (4th Cir. Sept. 9, 2009). As such, even if Rice abandoned the relevant issues, we would, in these circumstances, likely exercise our discretion to overlook such abandonment. *See A Helping Hand, LLC v. Balt. Cnty., Md.*, 515 F.3d 356, 369 (4th Cir. 2008).

1.

First, we assess whether the district court possessed jurisdiction to entertain the Motion to Vacate. In a recent decision on point, the D.C. Circuit evaluated and explained the jurisdictional predicate for a Rule 48 motion made by the prosecution in strikingly similar circumstances, namely, following a § 924(c) conviction and an unsuccessful direct appeal. *See United States v. Smith*, 467 F.3d 785, 787 (D.C. Cir. 2006). Like that court of appeals, we are persuaded that a district court's jurisdiction over a Rule 48 motion in such circumstances stems from 18 U.S.C. § 3231, which provides the "district courts of the United States [with] original jurisdiction . . . of all offenses against the laws of the United States." *See also Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 . . . .").[5] Although the federal courts have rarely been asked to confront the issue, we are constrained to agree that some measure of jurisdiction over a criminal prosecution remains with the sentencing court even after conviction and appeal. *See Smith*, 467 F.3d at 788 ("[D]istrict courts retain some reservoir of jurisdiction — distinct from the rules of criminal procedure themselves — to entertain motions after final judgment.").

Like the *Smith* court, we are guided by the Supreme Court's decision in *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam). In *Eberhart*, the Supreme Court assessed Federal Rule of Criminal Procedure 33, which authorizes a district court to "vacate any judgment and grant a new trial if the interest of justice so requires," but prescribes rigid deadlines within which new trial motions may be filed. *See* 546 U.S. at 13. The issue was whether Rule 33 was "jurisdictional" or, on the other hand, merely "an inflexible claim-

---

[5]We, in turn, possess jurisdiction over Rice's appeal pursuant to 28 U.S.C. § 1291, as Rice appeals from a final decision of the district court denying the Motion to Vacate.

processing rule." *Id.* (internal quotation marks omitted).[6] The Seventh Circuit had "construed Rule 33's time limitations as 'jurisdictional,' permitting the Government to raise noncompliance with those limitations for the first time on appeal." *Id.* The Supreme Court disagreed, however, concluding instead that Rule 33 is a nonjurisdictional claim-processing rule, which "assure[s] relief to a party properly raising [it], but do[es] not compel the same result if the party forfeits [it]." *Id.* at 19. Thus, the Court explained, "where the Government failed to raise a defense of untimeliness until after the District Court had reached the merits, it forfeited that defense." *Id.*

The *Eberhart* decision is significant for its implicit approval of a district court's jurisdiction to entertain an untimely Rule 33 motion, even after a conviction has become final. If Rule 33 is merely a claim-processing rule, which can neither create nor expand a federal court's jurisdiction, *see Kontrick v. Ryan*, 540 U.S. 443, 453 (2004), then a district court's jurisdiction over an untimely Rule 33 motion — continuing for years after the adjudication of guilt — must arise from some other source, such as § 3231. *See Eberhart*, 546 U.S. at 17 (distinguishing between lack of "*subject-matter jurisdiction*" and courts' obligation to "observe the clear limits of the Rules of Criminal Procedure when they are properly invoked"). Thus, the question we must answer is whether, under *Eberhart*, a district court may entertain a post-conviction Rule 48 motion. As the D.C. Circuit explained in its *Smith* case, Rule 33 "explicitly addresses a court's ability to 'vacate any judgment,'" rendering it "analogous" to the power conferred on the district courts by Rule 48. *Smith*, 467 F.3d at 789. And, practically speaking, the Government in this case — in lieu of making the Motion to Vacate — could have made "an unopposed motion for retrial under Rule 33, *and*

---

[6]Rule 33 provides that a motion for a new trial based on newly discovered evidence must be filed within three years of an adjudication of guilt, whereas motions predicated on any other ground must be filed within fourteen days. *See* Fed. R. Crim. P. 33(b).

*then* moved to dismiss the new indictment under Rule 48." *Id.* at 789. If that course would be free of jurisdictional error under the approach outlined in *Eberhart*, we are confident that, in this situation, the district court possessed jurisdiction to entertain the Motion to Vacate.

2.

Because the district court possessed jurisdiction over the Motion to Vacate, we must decide whether Rule 48 could be used in these circumstances. Despite the fact that the text of Rule 48 speaks only of the dismissal of an "indictment, information, or complaint," neither Rice nor the Government has asserted that application of the Rule is inappropriate after his conviction and unsuccessful direct appeal. As explained below, however, we need not resolve whether Rule 48 contains some limitations that could preclude its use in this context. Instead, guided by the Supreme Court's *Eberhart* decision, we agree with the D.C. Circuit that Rule 48 is a claim-processing rule, which had to be invoked by a litigant in the district court in order to avoid forfeiture. *See Smith*, 467 F.3d at 789. Thus, the Government (which made the Motion to Vacate) and Rice (who urged the court to grant it) have each forfeited any right to contend that Rule 48 could not be used in this context.

Recently, the Supreme Court has "undertaken to clarify the distinction between claims-processing rules and jurisdictional rules." *Bowles v. Russell*, 551 U.S. 205, 210 (2007). Indeed, the Court has taken the lower courts and litigants to task for loosely using the "jurisdictional" label, which is properly limited to "prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick*, 540 U.S. at 455 (internal quotation marks omitted). By contrast, claim-processing rules — such as court-prescribed rules of practice and procedure — "merely prescribe the *method* by which the jurisdiction granted the courts by Congress is to be

exercised." *United States v. Hartwell*, 448 F.3d 707, 717 (4th Cir. 2006) (internal quotation marks omitted). Maintaining the distinction between jurisdictional rules and claim-processing rules is critical. Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited. *See Kontrick*, 540 U.S. at 456. Claim-processing rules, by contrast, are to be rigidly applied when invoked by a litigant, but can be forfeited if not raised and pursued in a timely fashion. *See id.*

It is also important that, in order to be jurisdictional, a rule must be predicated on a valid statute. *See Bowles*, 551 U.S. at 212 ("Congress decides what cases the federal courts have jurisdiction to consider."); *Kontrick*, 540 U.S. at 452 ("Only Congress may determine a lower federal court's subject-matter jurisdiction.").[7] Court-prescribed rules governing practice and procedure, however, "do not create or withdraw federal jurisdiction." *Kontrick*, 540 U.S. at 453 (internal quotation marks omitted); *see also Bowles*, 551 U.S. at 210-13; *Eberhart*, 546 U.S. at 15-16. Thus, a court-prescribed rule of practice and procedure will only be deemed jurisdictional if it is statutorily mandated. *See Bowles*, 551 U.S. at 210-12. Notably, our Court has carefully adhered to the foregoing guidance. *See, e.g.*, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009) (holding that rule of procedure requiring criminal defendant to notice appeal within ten days is claim-processing rule); *Hartwell*, 448 F.3d at 717 (concluding that rule of procedure requiring indictment in capital cases is claim-processing rule); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 396 (4th Cir. 2004) (en banc) (holding that civil rule specifying mechanisms for sanctions is claim-processing rule).

---

[7]A statutory basis is essential, but not in itself sufficient, to render a rule jurisdictional. *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1244-47 (2010) (concluding that Copyright Act's pre-suit registration requirement is not jurisdictional). Rather, a statute must "'clearly state[ ]' that its . . . requirement is 'jurisdictional'" to be treated as such. *Id.* at 1245 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006)).

Consistent with these principles, it is clear that Rule 48 is a claim-processing rule, rather than a jurisdictional restriction. *See Smith*, 467 F.3d at 789. As explained above, a district court's jurisdiction over a post-conviction Rule 48 motion is provided by § 3231. And Rule 48, as a Federal Rule of Criminal Procedure, "[can]not create or withdraw federal jurisdiction." *Kontrick*, 540 U.S. at 453 (internal quotation marks omitted). Moreover, we know of "no statute that withdraws or otherwise limits this grant of subject-matter jurisdiction" to entertain Rule 48 motions, even procedurally defective ones. *Brickwood*, 369 F.3d at 392. Accordingly, because any limitations of Rule 48 do "not implicate the district court's subject matter jurisdiction," the issue of compliance with those limitations "is subject to forfeiture if not timely raised." *Id.* at 395. And, because neither party contested the propriety of the Motion to Vacate in the district court, each has forfeited any objection to it now being adjudicated. *See Kontrick*, 540 U.S. at 456.

3.

Yet remaining in this appeal is the question of whether the district court utilized the proper legal standard in ruling on the Motion to Vacate. Under our precedent, we review for abuse of discretion a district court's denial of the Government's motion to vacate a conviction. *See United States v. Smith*, 55 F.3d 157, 158 (4th Cir. 1995). Of course, "a district court by definition abuses its discretion when it makes an error of law." *United States v. Prince-Oyibo*, 320 F.3d 494, 497 (4th Cir. 2003) (alteration and internal quotation marks omitted). Moreover, in conducting our analysis, we are mindful that our *Smith* decision emphasizes the careful scrutiny we apply to a district court's resolution of a Rule 48 motion, for motions made pursuant to that Rule implicate "the constitutional issue of the Separation of Powers Doctrine." *Smith*, 55 F.3d at 158. In reality, therefore, "the trial court has little discretion in considering a government motion to dismiss made pursuant to [Rule 48]." *United States v. Perate*, 719 F.2d 706, 710 (4th

Cir. 1983). Accordingly, a district court may deny a Rule 48 motion only where it "is 'clearly contrary to manifest public interest.'" *United States v. Manbeck*, 744 F.2d 360, 372 (4th Cir. 1984) (quoting *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)). And, our precedent is that a district court "*must* grant a prosecution's [Rule 48] motion unless clearly contrary to manifest public interest." *United States v. Kellam*, 568 F.3d 125, 133 (4th Cir. 2009) (emphasis added) (internal quotation marks omitted).

Whether granting a Rule 48 motion would be clearly contrary to manifest public interest "should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal." *Smith*, 55 F.3d at 159. Put succinctly, a Rule 48 motion "that is not motivated by bad faith is not clearly contrary to manifest public interest, and it *must* be granted." *Id.* (emphasis added). Moreover, "[t]he disservice to the public interest must be found, if at all, in the motive of the prosecutor." *Id.* Examples of bad faith have been circumscribed to "include the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled." *Id.*

Judge Butzner's decision in our *Smith* case is particularly instructive. There, the Government had filed its Rule 48 motion after Smith pleaded guilty and testified against his codefendants, all of whom were acquitted. *See Smith*, 55 F.3d at 158. The district court denied the Rule 48 motion, however, believing "that Smith's guilty plea and corroborating testimony constituted substantial evidence of his guilt." *Id.* at 160. We reversed, explaining that the Rule 48 motion had to be granted because "the United States Attorney was not motivated by considerations clearly contrary to the public interest," but rather by a "substantial, reasonable doubt about the guilt of a defendant that arose after conviction." *Id.* Recognizing that "it is the duty of the United States Attorney not simply to prosecute but to do justice," we explained that the court was not free to deny the Rule 48 motion in such circum-

stances. *Id.* (internal quotation marks omitted). We thus "re-manded with directions to grant the government's motion to dismiss." *Id.*

Applying the precedent of our *Smith* decision, we are con-strained to reverse the denial of the Motion to Vacate and direct that it be granted. Notably, the Motion to Vacate incor-porated the Answer, which maintained that Rice was "entitled to have his conviction as to the [§ 924(c) offense] vacated." J.A. 49. The Answer offered a thorough recitation of the pro-cedural and factual history of Rice's § 924(c) conviction, along with the Government's analysis of why, "[i]n light of *Bailey*, the facts and evidence do not support a conviction." *Id.* at 33. The district court denied the Motion to Vacate, how-ever, explaining that "[a]fter a thorough review of the record and the case law," it determined that "the facts and evidence [are] sufficient to sustain a conviction." District Court Opin-ion 14. In other words, the court simply disagreed with the decision to vacate made by the United States Attorney, but failed to find that the Motion to Vacate had been made in bad faith.

Moreover, it has never been alleged that the Government exercised bad faith in pursuing the Motion to Vacate. Indeed, the sitting United States Attorney and the Assistant United States Attorney who successfully prosecuted Rice were con-vinced that his conduct could not support a § 924(c) convic-tion. And, as Judge Butzner explained in *Smith*, "substantial, reasonable doubt about the guilt of a defendant," arising after conviction, "is evidence of good faith." 55 F.3d at 160. In these circumstances, the district court could not deny the Motion to Vacate simply because it disagreed with Rice and the Government on the merits of the *Bailey* issue, for a Rule 48 motion "that is not motivated by bad faith is not clearly contrary to manifest public interest, and it *must* be granted." *Id.* at 159 (emphasis added).

### III.

Pursuant to the foregoing, we reverse the District Court Opinion for lack of jurisdiction under 28 U.S.C. § 2241, decline to authorize a second or successive motion under 28 U.S.C. § 2255, and remand for dismissal of the Habeas Motion. We also reverse the denial of the Motion to Vacate and remand for it to be granted.

*REVERSED AND REMANDED WITH DIRECTIONS;*
*AUTHORIZATION DENIED*