**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6641**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RAYMOND EDWARD CHESTNUT, a/k/a Snoop, a/k/a Ray,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:05-cr-01044-RBH-1)

Submitted: July 18, 2013          Decided: July 23, 2013

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Raymond Edward Chestnut, Appellant Pro Se. Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina; Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Edward Chestnut seeks to appeal the criminal judgment entered on May 18, 2007, following his guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006), and one count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006).[1] The Government has moved to dismiss the appeal as untimely. We grant the Government's motion and dismiss the appeal.

In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment.[2] With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Appeal periods are not jurisdictional in criminal cases, but are court-prescribed "claims-processing rules" that do not affect

---

[1] Chestnut initially filed a direct appeal in May 2007, but voluntarily dismissed it. United States v. Chestnut, No. 07-4562 (4th Cir. July 12, 2007) (unpublished order).

[2] At the time judgment was entered, the appeal period was ten days. Fed. R. App. P. 4(b)(1)(A)(i) (2008). On December 1, 2009, the appeal period was extended to fourteen days. Fed. R. App. P. 4(b)(1)(A)(i) (2009). Chestnut's notice of appeal is untimely under either standard.

this court's subject matter jurisdiction. See Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) (stating that non-statutory claim-processing rules are not jurisdictional); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009) ("[T]he non-statutory time limits in Appellate Rule 4(b) do not affect subject matter jurisdiction."). However, we may still enforce the appeal period when the Rule 4(b) time bar is invoked by the Government or sua sponte when judicial resources or administration are implicated or the delay in noting the appeal has been inordinate. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

The district court entered the criminal judgment on May 18, 2007. Chestnut filed his notice of appeal in April 2013, nearly six years beyond the appeal period, and he failed to obtain an extension of the appeal period. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal. Chestnut's motions for appointment of counsel, for a transcript at Government expense, for bail or release pending appeal, and to expedite are denied. We also deny Chestnut's request to dismiss the Government's motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3