**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4080**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

WILLIAM WALDEN,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:12-cr-00135-BR-1)

———————

Submitted: July 16, 2013         Decided: July 25, 2013

———————

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

C. Burell Shella, SHELLA HARRIS & AUS P.C., Durham, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Walden seeks to appeal the criminal judgment entered on January 16, 2013, following his guilty plea to possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2013), and possession of a sawed off shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). The Government has moved to dismiss the appeal as untimely. We grant the Government's motion and dismiss the appeal.

In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Appeal periods are not jurisdictional in criminal cases, but are court-prescribed "claims-processing rules" that do not affect this court's subject matter jurisdiction. See Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) (stating that non-statutory claim-processing rules are not jurisdictional); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009) ("[T]he non-statutory time limits in Appellate Rule 4(b) do not affect subject matter

2

jurisdiction."). However, we may still enforce the appeal period when the Rule 4(b) time bar is invoked by the Government or sua sponte when judicial resources or administration are implicated or the delay in noting the appeal has been inordinate. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

The district court entered the criminal judgment on January 16, 2013. Walden filed his notice of appeal on February 3, 2013, four days beyond the appeal period, and he failed to obtain an extension of the appeal period. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal. We deny as moot the Government's motion to dismiss the appeal based on the appeal waiver in Walden's plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED