**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4579**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROWLAND PHILLIP ROBINSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:09-cr-00160-H-1)

Submitted:  October 22, 2013          Decided:  October 24, 2013

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Rowland Phillip Robinson, Appellant Pro Se.   William Miller Gilmore, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rowland Phillip Robinson seeks to appeal his 264-month sentence imposed following his guilty plea to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court's judgment was entered on the docket on June 18, 2010. Robinson's notice of appeal was filed on July 7, 2013.[1] Because Robinson failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal as untimely.[2]

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Robinson's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to
(Continued)

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

dismiss it. <u>United States v. Mitchell</u>, 518 F.3d 740, 744, 750 (10th Cir. 2008).