**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7110**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES EMMANUEL BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:99-cr-00154-GCM-1)

Submitted: November 21, 2013    Decided: November 25, 2013

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Charles Emmanuel Brown, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Emmanuel Brown seeks to appeal his conviction and sentence. In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on January 20, 2001. The notice of appeal was filed on July 11, 2013. Because Brown failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal as untimely.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claims-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Brown's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

2