**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4177**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

BRANDON QUENDELL MUNGO,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-01042-RBH-2)

Submitted:  June 19, 2014              Decided:  June 23, 2014

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Brandon Quendell Mungo, Appellant Pro Se.   Arthur Bradley
Parham, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Quendell Mungo seeks to appeal the criminal judgment entered on June 20, 2011, following his guilty plea to robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2012). The Government has moved to dismiss the appeal as untimely. We grant the Government's motion and dismiss the appeal.

In criminal cases, a defendant must file his notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Appeal periods are not jurisdictional in criminal cases, but are court-prescribed "claims-processing rules" that do not affect this court's subject matter jurisdiction. See Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) (stating that non-statutory claim-processing rules are not jurisdictional); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009) ("[T]he non-statutory time limits in Appellate Rule 4(b) do not affect subject matter jurisdiction."). However, we may still enforce the appeal period when the Rule 4(b) time bar is invoked by the Government

2

or sua sponte when judicial resources or administration are implicated or the delay in noting the appeal has been inordinate. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

The district court entered the criminal judgment on June 20, 2011. Mungo filed his notice of appeal, at the earliest, on February 20, 2014, well beyond the appeal period, and he failed to obtain an extension of the appeal period. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED