**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4750**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

JAMES ISSAC COLE, JR., a/k/a Brother Cole,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., District Judge. (0:07-cr-00316-JFA-1)

Submitted: June 20, 2014          Decided: June 26, 2014

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

James Isaac Cole, Jr., Appellant Pro Se. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Isaac Cole, Jr., seeks to appeal his conviction and sentence. At the time Cole's judgment of conviction was entered on the docket, the Federal Rules of Appellate Procedure required a defendant in a criminal case to file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on February 11, 2008. Cole filed his notice of appeal on October 3, 2013. Because Cole failed to file a timely notice of appeal or obtain an extension of the appeal period, we dismiss the appeal as untimely.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Cole's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).

2

before this court and argument would not aid the decisional process.

DISMISSED