**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4766**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MELVIN SALEE LYNCH,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:07-cr-00077-FDW-1)

———————

Submitted:  September 16, 2016      Decided:  September 29, 2016

———————

Before NIEMEYER, SHEDD, and DIAZ, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

Peter C. Anderson, BEVERIDGE & DIAMOND, PC, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Salee Lynch appeals the district court's order revoking his supervised release and sentencing him to 5 months' imprisonment and a subsequent term of 12 months' supervised release. Lynch contends that the district court erred by modifying the conditions of his supervised release to require him to abide by the rules and regulations of a halfway house and by later revoking his supervised release for violating those rules and regulations. Finding no error, we affirm.

In a criminal case, a defendant must file a notice of appeal within 14 days after entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). The district court may extend the time for noting an appeal by 30 days upon a finding of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). Although not jurisdictional, see United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009), "[c]laim-processing rules" such as Rule 4(b) "are to be rigidly applied when invoked by a litigant," Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010). The Government has challenged this portion of the appeal on timeliness grounds.

Here, the district court entered amended orders modifying the terms of supervised release on June 25, 2015, and August 26, 2015, but Lynch filed the instant appeal on December 8, 2015, approximately three months after the time to appeal the latest order expired. Neither this court nor the district court may

2

extend the time to file a notice of appeal beyond the 30-day excusable neglect period. Fed. R. App. P. 4(b)(4), 26(b)(1). Therefore, because Lynch's challenge to the modification orders is untimely, we dismiss this portion of the appeal.

"We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion . . . [and] review a district court's factual findings underlying a revocation for clear error." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). The district court need only find a supervised release violation by a preponderance of the evidence; "[t]his standard requires only that the existence of a fact be more probable than its nonexistence." Id. at 374 (internal quotation marks omitted). Our review of the entire record reveals no abuse of discretion. Accordingly, we affirm the district court's revocation judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

3