**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6097**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE L. PETTAWAY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:10-cr-00161-MSD-DEM-2; 2:15-cv-00519-MSD-LRL)

Submitted: September 16, 2016      Decided: September 29, 2016

Before AGEE, DIAZ, and THACKER, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Lawrence L. Pettaway, Appellant Pro Se. Katherine Lee Martin, Assistant United States Attorney, Richmond, Virginia; Alan Mark Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence L. Pettaway appeals the five-year term of supervised release imposed by the district court following his guilty plea to bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2012), and the district court's order dismissing his 28 U.S.C. § 2241 (2012) petition.[1]  The Government moves to dismiss Pettaway's appeal of the criminal judgment as untimely.  For the reasons that follow, we dismiss in part and affirm in part.

Criminal defendants have 14 days from the entry of judgment to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A).  Upon a finding of excusable neglect or good cause, a court may extend the appeal period for up to 30 days beyond the expiration of the 14-day appeal period.  Fed. R. App. P. 4(b)(4).  Although not jurisdictional, see United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009), "[c]laim-processing rules" such as Rule 4(b) "are to be rigidly applied when invoked by a litigant," Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010).  Here, Pettaway filed his notice of appeal on January 19, 2016,[2] more than four years after the entry of his criminal judgment on July 26, 2011.  Therefore, we

---

[1] We liberally construe Pettaway's notice of appeal and informal brief as seeking to appeal the criminal judgment and the § 2241 dismissal order.

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

grant the Government's motion to dismiss Pettaway's appeal of the criminal judgment and dismiss this portion of the appeal.

With regard to Pettaway's timely appeal of the dismissal of his § 2241 petition, we have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order dismissing Pettaway's § 2241 petition. Pettaway v. United States, No. 2:15-cv-00519-MSD-LRL (E.D. Va. filed Dec. 10, 2015, & entered Dec. 11, 2015).

We deny Pettaway's pending motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
