**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6514**

JAMES C. PLATTS,

            Petitioner - Appellant,

        v.

TERRY O'BRIEN, Warden of Hazelton SPC,

            Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:14-cv-00072-FPS-JES)

Submitted:  May 30, 2017                                      Decided:  June 22, 2017

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed in part, affirmed as modified in part, and dismissed in part by unpublished per curiam opinion.

James C. Platts, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James C. Platts, a former federal prisoner, appeals the district court's order adopting the magistrate judge's recommendation, dismissing Platts' 28 U.S.C. § 2241 (2012) petition, denying Platts' motion to amend the petition as moot, and entering a prefiling injunction pursuant to 28 U.S.C. § 1915(g) (2012). In his § 2241 petition, Platts challenged his convictions, term of imprisonment, and restitution order.

Initially, we note that Platts was released from custody during the pendency of this appeal. Accordingly, we dismiss as moot Platts' challenge to his term of imprisonment. *See United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013) ("Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings.").

Next, the district court correctly determined that Platts failed to demonstrate that 28 U.S.C. § 2255 (2012) is an inadequate or ineffective means of challenging his convictions and restitution order. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). However, because the district court lacked jurisdiction over Platts' § 2241 petition, *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam), we modify the court's order to reflect that the dismissal of Platts' challenges to his convictions and restitution order is without prejudice and affirm as modified. *See* 28 U.S.C. § 2106 (2012); *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

Finally, because Platts' informal brief does not challenge the denial of the motion to amend or the entry of the prefiling injunction, Platts has forfeited appellate review of those decisions. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). Accordingly, we affirm those portions of the district court's order.

We grant Platts leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*AFFIRMED AS MODIFIED IN PART,*
*AND DISMISSED IN PART*