**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4518**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD LAMONT WILSON, a/k/a Papa Ron,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:11-cr-00180-RAJ-5)

Submitted:  December 27, 2019                    Decided:  January 15, 2020

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Melissa J. Warner, LAW OFFICE OF MELISSA J. WARNER, Glen Allen, Virginia, for Appellant.  Sherrie Scott Capotosto, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Lamont Wilson pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2018). The district court sentenced Wilson to 160 months' imprisonment. Wilson subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (2018), which the district court denied. Wilson filed this appeal three years later, arguing that the appeal waiver contained in his plea agreement was not knowingly and voluntarily made. The Government has moved to dismiss the appeal as barred by the appeal waiver. For the following reasons, we dismiss the appeal as untimely.

A criminal defendant must file his notice of appeal within 14 days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). Appeal periods in criminal cases are not jurisdictional. *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009). Rather, they are court-prescribed "claim-processing rules" that do not affect our subject matter jurisdiction. *See Rice v. Rivera*, 617 F.3d 802, 810 (4th Cir. 2010). However, we have "the inherent authority to invoke Rule 4(b)(1)(A) sua sponte" to dismiss an untimely appeal, and we will do so when it is necessary "to protect the finality of criminal judgments and maintain the efficiency and fairness of the judicial process." *See United States v. Oliver*, 878 F.3d 120, 125-26 (4th Cir. 2017). There are two circumstances that we have said clearly justify our exercise of this power: "appeals filed after a subsequent judgment has relied on the judgment appealed or after the defendant has pursued collateral review of the judgment." *See id.* at 129.

2

Here, Wilson filed his notice of appeal more than four-and-one-half years after the entry of the judgment. Moreover, Wilson pursued collateral review of the judgment prior to filing the notice of appeal. Therefore, Wilson's current attempt to directly appeal his conviction "presents one of the rare situations we identified . . . in which our interest in the efficiency and integrity of the criminal justice system outweighs our interest in adhering to the principle of party presentation." *Oliver*, 878 F.3d at 130. Accordingly, we exercise our authority to invoke Rule 4(b) and dismiss the appeal as untimely.

Because we dismiss the appeal as untimely, we need not consider whether the appeal is barred by the appellate waiver in Wilson's plea agreement; we therefore deny the Government's motion as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*