**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7886**

ANTONIO STEELE,

            Petitioner - Appellant,

        v.

R. HUGGINS,

            Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:19-cv-00244-FPS)

Submitted:  May 13, 2020                                    Decided:  June 9, 2020

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Antonio Steele, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Steele, a federal prisoner, appeals the district court's order adopting the recommendation of the magistrate judge and dismissing without prejudice for lack of jurisdiction his 28 U.S.C. § 2241 (2018) petition in which he sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255 (2018). Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Steele's § 2241 petition challenged the legality of his conviction based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Rehaif*, however, did not issue subsequent to Steele's first § 2255 motion, which Steele has not yet filed. Accordingly, the district court did not reversibly err in dismissing Steele's § 2241 petition, and we affirm its order on this basis. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[T]he district court lacked jurisdiction over the [h]abeas [petition] because Rice is unable to satisfy the second prong of the *Jones* rule."). We also remand to the district court with instructions that it expeditiously transfer Steele's § 2241 petition to the district court of his conviction and sentencing—the United States District Court for the Southern District of Ohio—for

2

docketing there as a preliminary filing. Although cognizant of the obligations *Castro v. United States*, 540 U.S. 375 (2003), imposes on district courts and of the one-year statute of limitations at 28 U.S.C. § 2255(f) applicable to § 2255 motions, we offer no opinion on those matters.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*