**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-7341**

─────────────

FREDERICK LYNN SELLERS,

              Petitioner - Appellant,

    v.

BRYAN K. DOBBS, Warden,

              Respondent - Appellee.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  R. Bryan Harwell, Chief District Judge.  (5:20-cv-01683-RBH)

─────────────

Submitted:  February 17, 2022              Decided:  February 23, 2022

─────────────

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

─────────────

Affirmed as modified by unpublished per curiam opinion.

─────────────

Frederick Lynn Sellers, Appellant Pro Se.  Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Lynn Sellers, a federal prisoner, appeals the district court's order adopting the recommendation of the magistrate judge and dismissing for lack of jurisdiction his 28 U.S.C. § 2241 petition in which he sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and, following the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), find no reversible error in the district court's determination that Sellers failed to demonstrate that 28 U.S.C. § 2255 is an inadequate or ineffective means of challenging his conviction. However, because the district court lacked jurisdiction over Sellers' § 2241 petition, *Rice v. Rivera*, 617 F.3d 802, 807-08 (4th Cir. 2010) (per curiam), we modify the court's order to reflect that the dismissal of Sellers' petition is without prejudice and affirm the order, *Sellers v. Dobbs*, No. 5:20-cv-01683-RBH (D.S.C. Sept. 7, 2021), as modified, *see* 28 U.S.C. § 2106; *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). We deny Sellers' motion to appoint counsel and

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*