**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4482**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMARIO ARTEZ FORD,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:12-cr-00040-JFA-1)

———————

Submitted: November 20, 2014     Decided: November 24, 2014

———————

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Howard W. Anderson, III, LAW OFFICE OF HOWARD W. ANDERSON, III, LLC, Clemson, South Carolina, for Appellant. Stanley D. Ragsdale, William Kenneth Witherspoon, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamario Artez Ford pled guilty, pursuant to a plea agreement, to brandishing a firearm during the commission of a crime of violence (Count 5), and discharging a firearm during the commission of a crime of violence (Count 9). The district court imposed mandatory minimum sentences on both counts for a total of 384 months of imprisonment (84 months for Count 5 and 300 months consecutively for Count 9). On appeal, Ford's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging there are no meritorious issues in light of Ford's late notice of appeal and appellate waiver in his plea agreement. Ford was notified of his right to file a pro se supplemental brief, but has not filed a brief. For the reasons that follow, we affirm.

We first note that Ford's notice of appeal was untimely and that the district court did not grant an extension of time to file or reopen the filing period. In criminal cases, appeals periods are not jurisdictional, but are court-prescribed claim-processing rules that do not affect this court's subject-matter jurisdiction. See Rice v. Rivera, 617 F.3d 802, 810-11 (4th Cir. 2010) (stating that non-statutory claim-processing rules are not jurisdictional); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009) ("[T]he non-statutory time limits in Appellate Rule 4(b) do not affect subject matter

2

jurisdiction."). The appeal period may still be enforced by this court when the Rule 4(b) time bar is invoked by the government; however, in this case, the government has not invoked the Rule 4(b) time bar or moved to dismiss the appeal as untimely. Therefore, we conclude that dismissal of the appeal based on the untimely notice of appeal is not appropriate.

Next, we observe that Ford waived the right to appeal his conviction and sentence in his plea agreement except for ineffective assistance and prosecutorial misconduct. A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). However, the government has not chosen to enforce the waiver, and it is our policy not to raise this issue sua sponte. Therefore, we need not consider whether the waiver is dispositive of this appeal. See id. at 271 (stating that, if an Anders brief is filed in a case with an appellate waiver, the government's failure to respond "allow[s] this court to perform the required Anders review"). Accordingly, we conclude that our review is not limited by the appeal waiver.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Our review of Ford's plea hearing reveals he knowingly and voluntarily pled guilty to his offenses and that the proceeding was conducted in compliance with Fed. R. Crim. P. 11.

3

Accordingly, we find no reversible error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (noting that when a defendant does not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, this court reviews his plea colloquy for plain error). Review of Ford's sentencing hearing also reveals no reversible error. As noted by the district court, it imposed the mandatory minimum sentences for both offenses. See 18 U.S.C. §§ 924(c)(1)(A)(ii) (seven year mandatory sentence for brandishing), (c)(1)(C) (twenty-five year mandatory sentence for subsequent § 924(c) conviction) (2012). Thus we find that Ford's sentence was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (discussing appellate reasonableness review of sentences for an abuse-of-discretion standard).

We therefore affirm the district court's judgment and deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED