# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued September 15, 2006      Decided November 7, 2006

No. 04-3165

UNITED STATES OF AMERICA,
APPELLEE

v.

RICHARD A. SMITH,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 89cr00036-03)

*Jonathan Zucker*, appointed by the court, argued the cause and filed the briefs for appellant.

*Patricia A. Heffernan*, Assistant U.S. Attorney, argued the cause for appellee. With her on the briefs were *Kenneth L. Wainstein*, U.S. Attorney, and *Roy W. McLeese III*, Assistant U.S. Attorney

Before: RANDOLPH and GRIFFITH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." In 2004, the government made a Rule 48(a) motion to vacate appellant Richard A. Smith's fifteen year-old conviction under 18 U.S.C. § 924(c). Smith did not oppose the motion, which the district court in due course granted. Letting no good deed go unpunished, Smith now claims that the district court lacked jurisdiction to grant the motion—and asks that his conviction be reinstated—on the theory that Rule 48(a) is inapplicable once a sentence is final. (We explain below the reasoning that has evidently led Smith to make this counter-intuitive claim.) Without ruling on the ultimate scope of Rule 48(a), we hold that the district court had jurisdiction to entertain the government's motion and that Smith's contemporaneous failure to object to that motion forfeited his right to do so now.

\* \* \*

In 1989 the district court sentenced Smith to serve several concurrent life (and shorter) sentences for various drug distribution offenses, as well as a consecutive thirty-year term of imprisonment under 18 U.S.C. § 924(c) for the possession and use of firearms "during and in relation" to those drug offenses. This court affirmed Smith's convictions on direct appeal, accepting the government's contention that Smith's conduct—trading drugs for guns—constituted a violation of § 924(c). *United States v. Harris*, 959 F.2d 246 (D.C. Cir. 1992).

Following the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995) (concluding that § 924(c) requires "active employment" of a gun), Smith filed a motion to vacate his § 924(c) conviction pursuant to 28 U.S.C. § 2255. The district court denied the motion and, in 1999, this court denied Smith's request for a certificate of appealability. See *In re Smith*, 285 F.3d 6, 7 (D.C. Cir. 2002). Despite *Bailey*, we treated our *Harris* decision as controlling in the § 2255 context.

In 2001 Smith asked for authorization to file a successive § 2255 motion in order to take advantage of this court's decision in *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001), where we overturned *Harris* and held that, in light of *Bailey*, receipt of a gun during a drug transaction was indeed not an offense under § 924(c). We denied the requested authorization. *In re Smith*, 285 F.3d at 7-9. Although it was by then clear under circuit law that Smith's § 924(c) conviction rested on an erroneous interpretation of the statute, that error did not meet § 2255's conditions for filing a second or successive motion under § 2255, which must invoke "newly discovered evidence . . . [or] a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Smith's motion met neither criterion.

Smith was not without recourse, however. Under the savings clause of § 2255, we noted, Smith could use 28 U.S.C. § 2241 to collaterally attack his § 924(c) conviction in the district in which he was confined, which was then the Southern District of Indiana. Although the Seventh Circuit had not yet clarified how it would view cases where a defendant requested guns in payment for drugs, the government believed that, in light of *United States v. Westmoreland*, 122 F.3d 431 (7th Cir. 1997) (holding that

passively receiving a gun for drugs does not constitute "use" of a gun in a drug offense), Smith would prevail on his habeas claim and indeed offered to argue "in support of relief for [him] in the Seventh Circuit." *In re Smith*, 285 F.3d at 9.

Through no fault of either party, however, Smith was transferred to the Middle District of Florida (in the Eleventh Circuit), before he could request relief in the Seventh Circuit. Under the relevant Eleventh Circuit law as it stood in 2002, it was far less certain that Smith's habeas claim would be successful because that circuit had no precedent similar to the Seventh Circuit's *Westmoreland* decision. Smith filed for a writ of *habeas corpus*, but the government opposed the motion.

Presumably seeking a practical means of achieving a result agreeable to both parties, the government returned to the District of Columbia district court and on October 19, 2004 filed a motion to vacate the § 924(c) conviction pursuant to Rule 48. Smith did not oppose the motion; three days after the government filing he requested re-sentencing on his remaining counts. The district court granted the government's motion to vacate, but denied Smith's motion for re-sentencing. Smith filed a timely notice of appeal.

\* \* \*

On appeal, Smith presents two arguments. First, he claims that the district court lacked the power under Rule 48(a) to vacate the § 924(c) conviction. If there were indeed such a jurisdictional defect, we would have to vacate the court's order despite Smith's failure to oppose the government's Rule 48 motion.

Smith's position is puzzling, as the remedy he seeks is the restoration of his 30-year § 924(c) conviction. At oral argument counsel explained the method in this apparent madness: He suggested that reinstatement would permit Smith to file a new *habeas* petition in the Eleventh Circuit. If the court there vacated the § 924(c) conviction, counsel believed that Smith would have to be resentenced, and on such resentencing he could obtain the benefit of the rules announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005).

In addressing Smith's claims we must distinguish questions of jurisdiction—whether a case "fall[s] within a court's adjudicatory authority," *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)—from questions of the proper *exercise* of jurisdiction, here, whether Rule 48 can be used to vacate a sentence that has become final on appeal. Though objections to jurisdiction can be neither waived nor forfeited, even an absolutely inflexible rule on how jurisdiction should be exercised can "be forfeited if the party asserting the rule waits too long to raise the point." *Id*. at 456.

A district court's jurisdiction to entertain Rule 48 motions lies under 18 U.S.C. § 3231's general grant of jurisdiction over "all offenses against the laws of the United States." This observation would be unremarkable in the typical situation where Rule 48 is used to dismiss an indictment, information, or complaint before or during trial. Cf. *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 . . . . That's the beginning and the end of the 'jurisdictional' inquiry."). The question here is simply whether jurisdiction under § 3231 is available if a Rule 48 motion is made after sentencing and appeal. Though perhaps not obvious, the answer appears to be yes.

The Supreme Court's recent opinion in *Eberhart v. United States*, 126 S. Ct. 403 (2005), is instructive. There the government responded on the merits to a defendant's untimely request for vacatur and a new trial under Rule 33; until appeal, it neglected the issue of untimeliness. The Supreme Court, rejecting the Seventh Circuit's understanding that Rule 33's time limits were jurisdictional, held instead that they merely constituted mandatory "claim-processing" rules, to be applied rigorously if invoked, but subject to forfeiture if ignored. *Id.* at 407.

*Eberhart* appears to confirm, albeit without comment, that district courts retain some reservoir of jurisdiction—distinct from the rules of criminal procedure themselves—to entertain motions after final judgment. Though *Eberhart* did not state the jurisdictional basis for entertaining untimely Rule 33 motions, this court's ruling in *Bruno v. United States*, 180 F.2d 393, 394 (D.C. Cir. 1950), suggests that such motions are "a part of the original proceeding," and thus presumably rest on 18 U.S.C. § 3231. As the *Eberhart* court invoked no specific grant of jurisdiction (such as 28 U.S.C. § 2255) to vacate sentences and retry defendants long after their sentences became final, we infer that jurisdiction for such remedies must rest on § 3231.

If *Eberhart* confirms both that district courts retain jurisdiction to vacate final sentences and that "fail[ure] to raise a defense of untimeliness until after the District Court ha[s] reached the merits, . . . forfeit[s] that defense, " *Eberhart*, 126 S. Ct. at 407, it remains only to address whether *Eberhart*'s understanding of the time limits under Rule 33 should apply with equal force to any implicit time limits on vacatur under Rule 48 (e.g., precluding exercise of the power after conviction has become final). We note that Congress has, in language with a somewhat jurisdictional flavor, limited district court authority to *modify* sentences. See 18 U.S.C.

§ 3582 (stating that a court "may not modify a term of imprisonment once it has been imposed except" under three specified circumstances: "upon motion of the Director of the Bureau of Prisons," § 3582(c)(1)(A); "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," § 3582(c)(1)(B); and, in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission," § 3582(c)(2)). But *Eberhart's* holding—that the time limit on Rules 29, 33, 34 and 35 imposed by Rule 45(b)(2) (as it was then worded) is no more than a claim-processing rule—calls into question a jurisdictional reading of § 3582. See *Eberhart*, 126 S. Ct. at 405, 407. Cf. *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) (characterizing § 3582(c) as "a real 'jurisdictional' rule rather than a case-processing requirement").

Nonetheless, we need not rule today whether § 3582 imposes jurisdictional restraints on the application of Rule 35, whether those restrictions would apply with equal force to motions made under different rules, or whether vacating a sentence even constitutes "modif[ying] a term of imprisonment" for the purposes of § 3582. Rule 33 explicitly addresses a court's ability to "vacate any judgment" and therefore appears to be the rule most analogous to Rule 48's provision for district court dismissal of an indictment. Smith's arrival at the same destination would clearly have been free of jurisdictional error if the government had made an unopposed motion for retrial under Rule 33, *and then* moved to dismiss the new indictment under Rule 48.

It bears repeating that today we also do not reach the non-jurisdictional question of whether Rule 48 alone can properly be used to vacate a final conviction; Smith forfeited his opportunity to challenge the rule's appropriate use by failing to object below. We do observe, however, that both the text of the rule and its roots in the common law doctrine of *nolle*

*prosequi* cast doubt on Rule 48's applicability post-conviction. Two courts have suggested as much. See *Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987) ("There is no precedent for applying Rule 48 to vacate a conviction after the trial and appellate proceedings have ended."); *Korematsu v. United States*, 584 F. Supp. 1406, 1411 (N.D. Cal. 1984) ("The court finds no authority for the proposition that a Rule 48(a) motion may be made long after the prosecution has come to rest, the judgment is final, appeals have been exhausted, judgment imposed and the sentence served."). Although the Supreme Court has twice permitted post-conviction use of the rule while direct appeal was pending, see *Rinaldi v. United States*, 434 U.S. 22 (1977) (per curiam); *Watts v. United States*, 422 U.S. 1032 (1975), it has not explained the scope or implications of those decisions.

\* \* \*

Smith offers an alternative, non-jurisdictional theory for upsetting the district court's action. He argues that after vacating the § 924(c) conviction, the court should have applied the "sentencing package" doctrine and re-sentenced him on the remaining counts of his conviction. Evidently Smith's belief that he might gain from this turns on the theory mentioned above—that in resentencing the court would be obliged to apply *Apprendi* and *Booker*.

It is perfectly true that "*in some instances*, sentences on multiple counts may comprise a 'sentencing package,' so that attacking the sentence on some counts via § 2255 reopens the sentence on the other counts as well." *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999) (emphasis added). This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of

the initial aggregate minus the severed element. We assume *arguendo* that the "sentencing package" doctrine can be implicated by vacatur or modification under any provision, not just under § 2255. But the necessary package is conspicuously absent here.

The classic application of the "sentencing package" idea involves a sentence in which the sentencing court initially imposed a consecutive § 924(c) sentence, but withheld any sentencing enhancement for gun use under § 2D1.1(b)(1) of the U.S. Sentencing Guidelines because the two provisions are mutually exclusive. *United States v. Morris*, 116 F.3d 501, 504 (D.C. Cir. 1997). When *Bailey* required vacatur of the § 924(c) sentence under § 2255, and thus eradication of the basis for disregarding § 2D1.1(b)(1), we have approved a resentencing in which the court added time to the non-§ 924(c) sentence under § 2D1.1(b)(1). *Id.* Obviously, mutual exclusivity is an exceptionally strong form of interdependence. Other circuits have extended the sentencing package doctrine to allow or require, on vacatur of a § 924(c) count under § 2255, consideration of the appropriate reduction for substantial assistance, *United States v. Watkins*, 147 F.3d 1294 (11th Cir. 1998); of an incorrect calculation of the base offense level, *United States v. Smith*, 103 F.3d 531 (7th Cir. 1996); the application of intervening amendments of the Guidelines, *United States v. Easterling*, 157 F.3d 1220 (10th Cir. 1998); and a possible downward departure based on post-conviction rehabilitation, *United States v. Core*, 125 F.3d 74 (2d Cir. 1997). The latter two cases involved partial recalculations favorable to the defendant, but only in a context where excision of the § 924(c) conviction allowed the government to call for recalculations *adding* to the non-§ 924(c) elements of the sentence.

Here the sentencing court calculated a guideline range of imprisonment on Smith's six grouped guideline counts and,

exercising its discretion, sentenced Smith to several concurrent life terms—the highest sentence available. Only then, once the package was complete, did the court impose the consecutive 30-year term under § 924(c). The life sentence on the grouped counts and the 30-year term for the § 924(c) violation were in no way interdependent, so the former is not "unravel[ed]" by vacation of the latter. *Townsend*, 178 F.3d at 562. The government has understandably not seized upon the § 924(c) vacatur to seek additions to the several concurrent life sentences. Defendant has even more understandably not sought increases to offset the effect of the § 924(c) vacatur. The sentencing package doctrine thus affords no apparent basis for any resentencing on the other counts.

The judgment of the district court is

*Affirmed.*