**UNITED STATES of America**

v.

**Mark A. BURNETTE, Defendant.**

**Criminal No. 05–0095(PLF).**

United States District Court,
District of Columbia.

Nov. 21, 2008.

Jonathan Jeffress, Federal Public Defender, Washington, DC, for Defendant.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on defendant Mark Burnette's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes Mr. Burnette's motion.[1] For the reasons stated below, the Court agrees with the government that it would be inappropriate to exercise its discretion to reduce Mr. Burnette's sentence.

On February 3, 2006, Mr. Burnette pled guilty to one count of unlawful possession with intent to distribute cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On August 18, 2006, the Court sentenced Mr. Burnette to a 30 month term of imprisonment. In doing so, the Court reasoned as follows: Mr. Burnette pled guilty to possession with intent to distribute four grams of crack cocaine. Under the then-applicable Federal Sentencing Guidelines, that amount of crack cocaine yielded an offense level of 24. The

---

1. The papers submitted in connection with this matter include: Defendant's Motion to Reduce Sentence ("Mot") (filed on behalf of Mr. Burnette by the Office of the Federal Public Defender), and Government's Response to Defendant's Motion to Reduce Sentence ("Opp.").

Court adjusted Mr. Burnette's offense level upward by two levels (because Mr. Burnette acknowledged that he possessed a weapon in conjunction with the drug offense, *see* U.S.S.G. § 2D1.1 (b)(1)), and downward by three levels (because Mr. Burnette accepted responsibility for his crime, *see* U.S.S.G. § 3E1.1). These adjustments resulted in an offense level of 23. Since Mr. Burnette fell within Criminal History Category III, his Guidelines sentencing range was 57 to 71 months. *See* Transcript of Sentencing at 13–14 (Aug. 18, 2006) ("Tr.").

"[R]ather than impose a sentence consistent with the [then-applicable] guideline range that reflected a 100 to 1 ratio between crack cocaine and powder cocaine offenses, [however,] the Court [exercised its discretion under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and] imposed a sentence ... that reflected a 20 to 1 ratio between crack and powder cocaine offenses." Mot. at 1. The Court multiplied the amount of crack at issue (four grams) by 20, and then sentenced Mr. Burnette according to the then-applicable Guidelines sentencing range for that amount (80 grams) of powder cocaine. Then, as now, possession with intent to distribute 80 grams of powder cocaine yielded an offense level of 16. After applying the same upward and downward adjustments discussed above, Mr. Burnette's offense level was 15. With a Criminal History Category of III, his Guidelines sentencing range was 24 to 30 months. *See* Tr. at 15–16. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Mr. Burnette at the high end of that range, to a 30 month term of imprisonment. He is currently scheduled to be released on December 24, 2008.

Mr. Burnette now asks the Court to reduce his sentence to time served because (1) the United States Sentencing Commission recently amended and lowered the base offense levels for crack cocaine offenses by two levels and made those amendments retroactive, *see* U.S.S.G., supp. to app. C, am. 706, 711; (2) the Court is authorized to reduce the term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2); (3) the relevant amendments reduced the Guidelines sentencing range for the crack cocaine offense to which Mr. Burnette pled guilty from 57 to 71 months to 46 to 57 months, *see* U.S.S.G. § 2D1.1(9) (Nov. 1, 2007); and (4) "[w]here, as here, the Court imposed a sentence below the original guideline range [at the original sentencing], the guidelines provide that 'a reduction comparably less than the amended guideline range ... may be appropriate [under Section 3582(c)(2)].' U.S.S.G. § 1B1.10." Mot. at 2.

The Court declines to reduce Mr. Burnette's sentence for three related reasons. First, Mr. Burnette is not eligible for a reduced sentence under Section 3582(c)(2).[2] As the government correctly points out:

> Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In this case, the defendant was not sentenced to a term of imprisonment based on a sentencing range that has subse-

---

**2.** This is not to suggest that the Court agrees with the government's view that Section 3582 is jurisdictional. *See United States v. Smith*,

467 F.3d 785, 788 (D.C.Cir.2006) (suggesting that Section 3582 is better viewed as a "claims-processing rule").

quently been lowered by the Sentencing Commission, *because he was not sentenced pursuant to the guideline range for crack cocaine offenses.* Rather, this Court based the defendant's sentence on [the sentencing range applicable to 80 grams of cocaine powder], and therefore the sentencing range applied by the Court was not affected by the recent guideline amendment[.]

Opp. at 6 (emphasis added). Stated differently, Mr. Burnette's original sentence was not (as a practical matter) "based on" the subsequently amended crack guidelines. Rather, it was based on this Court's policy-based view of what the pre-amendment crack guidelines *should have been. See United States v. Gardellini*, 545 F.3d 1089, 1091 (D.C.Cir.2008) (explaining *Kimbrough's* holding that district courts "are free in certain circumstances to sentence outside the Guidelines based on policy disagreements with the Sentencing Commission").[3] The Court's policy-based view of what the pre-amendment crack guidelines should have been led the Court to sentence Mr. Burnette as if he was responsible for 80 grams of powder cocaine, not 4 grams of crack cocaine. Mr. Burnette therefore is not entitled to relief under Section 3582(c)(2) because his sentence was not based on a "sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Second, even assuming that Mr. Burnette's case were viewed as falling within the scope of Section 3582(c)(2), it is clear that he is entitled to no relief under Amendments 706 and 711 given the manner in which the Court calculated his origi-

nal sentence. Section 1B1.10 of the Sentencing Guidelines is the policy statement applicable to Section 3582(c)(2) re-sentencings. It states in pertinent part:

In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the [relevant] amendment(s) to the guidelines had been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10(b)(1).[4] In this case, if Amendments 706 and 711 had been in effect at the time Mr. Burnette was sentenced, *the Court would have arrived at precisely the same sentence it actually imposed. Cf.* Opp. at 6 ("Put another way, this Court has already expressed the concerns that inform Amendment 706, by giving the defendant the same benefit (and for the same reasons) as in Amendment 706."). In fact, Mr. Burnette's pre-amendment sentence of 30 months is considerably lower than the range of sentences contemplated by the post-amendment crack cocaine guidelines (46 to 57 months). Mr. Burnette's sentence was based not on the offense level for four grams of crack cocaine, but rather on the offense level for 80 grams of powder cocaine. Amendments 706 and 711 affected the former but not the latter. Thus, were the Court to apply the same 20:1 ratio it applied in 2006 to calculate Mr. Burnette's sentence today— as it surely would—it would arrive at the same pre-adjustment offense level, 16, and, after applying the same upward and down-

---

**3.** This Court's policy-based view of what the pre-amendment crack guidelines should have been is rooted in—and amply supported by— the scientific and empirical evidence set forth in the numerous reports of the Sentencing Commission bearing on this issue.

**4.** This policy statement is advisory, not mandatory. *See United States v. Ragland*, 568 F.Supp.2d 19, 24–27 (D.D.C.2008). Neither party argues, however, that Section 1B1.10(b)(1) is an improper starting point for analyzing Mr. Burnette's Section 3582(c)(2) claim.

ward adjustments, a Guidelines sentencing range of 24 to 30 months.

Third and finally, Section 1B1.10(b)(2)(B) of the Sentencing Guidelines notes that where, as here, "the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *a further reduction [under 18 U.S.C. § 3582(c)(2)] generally would not be appropriate.*" U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added). This statement of policy is advisory. *See, e.g., United States v. Ragland,* 568 F.Supp.2d at 24–27. But the only affirmative reason Mr. Burnette offers for disregarding it is that the Supreme Court's decision in *Kimbrough v. United States,* — U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), "further supports this Court's original sentencing determination *and* supports a further reduction to the bottom of the sentencing range applicable when a 20 to 1 crack/powder disparity is applied[.]" Mot. at 2 (emphasis added).

The Court disagrees that *Kimbrough,* by itself, "supports a further reduction to the bottom of the [adjusted] sentencing range." By holding that a "judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" when calculating a reasonable sentence, *Kimbrough v. U.S.,* 128 S.Ct. at 564, *Kimbrough* ratifies the Court's decision to apply a 20–to–1 crack/powder ratio and vary downward based on *Booker* at Mr. Burnette's original sentencing. It does not, however, require or even necessarily support a *further* reduction in Mr. Burnette's sentence to the bottom of the Guidelines sentencing range that the Court found applicable after applying the 20:1 ratio. Indeed, the Court articulated good and sufficient reasons under 18 U.S.C. § 3553(a) for sentencing the defendant to 30 months (the top of the

range) rather than 24 months. *See* Tr. at 35–42.

For all of these reasons, it is hereby

ORDERED that Defendant's Motion to Reduce Sentence [54] is DENIED.

SO ORDERED.