# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 5, 2024      Decided August 26, 2025

No. 23-3027

UNITED STATES OF AMERICA,
APPELLEE

v.

AARON J. THORPE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cr-00131-1)

*Howard B. Katzoff*, appointed by the court, argued the cause and filed the briefs for appellant.

*Daniel J. Lenerz*, Assistant U.S. Attorney, argued the cause for appellee. With him on the briefs were *Matthew M. Graves*, U.S. Attorney, and *Chrisellen R. Kolb* and *Peter S. Smith*, Assistant U.S. Attorneys.

*Keenan H. Roarty*, appointed by the court, argued the cause as *amicus curiae* in support of the district court's February 21, 2023, memorandum opinion and order below. With him on the brief was *Sean Marotta*, appointed by the court.

Before: RAO and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* RAO.

RAO, *Circuit Judge*: Federal Rule of Criminal Procedure 48(a) authorizes the government to "dismiss an indictment, information, or complaint" "with leave of court." In this case, the government moved to dismiss most of Aaron Thorpe's criminal convictions after the district court had entered judgment and Thorpe had exhausted appellate review. The district court denied the government's motion to dismiss. Because Rule 48(a) does not permit the government to "dismiss" criminal convictions while a judgment remains in place, we affirm the district court's order.

I.

As we have previously recounted, in 2013, Thorpe and Melvin Knight were arrested and charged with several offenses relating to an armed kidnapping in the District of Columbia. *See United States v. Knight* ("*Knight I*"), 824 F.3d 1105, 1108 (D.C. Cir. 2016); *United States v. Knight* ("*Knight II*"), 981 F.3d 1095, 1099 (D.C. Cir. 2020). The prosecutor offered the defendants a plea deal containing a single count of assault with a deadly weapon. The offer was "wired," meaning both defendants had to accept or else it would be withdrawn. Thorpe wanted to take the deal, but Knight, relying on advice from counsel, rejected it. The government rescinded the offer, and the defendants were subsequently convicted on ten counts by a federal jury. Thorpe received 300 months of imprisonment; Knight received 268 months.

The defendants argued on direct appeal that they had received ineffective assistance of counsel regarding the

original plea offer. We held that Knight's counsel had rendered constitutionally deficient assistance. *Knight II*, 981 F.3d at 1102–07. But we concluded that Thorpe's inability to accept the deal was caused by the ineffectiveness of Knight's counsel, rather than his own, and therefore that Thorpe had not suffered a Sixth Amendment violation. *Id.* at 1107–08. We thus affirmed Thorpe's convictions and remanded Knight's case with instructions for the district court to order the government to extend the original offer to Knight. Acknowledging the apparent unfairness of this result to Thorpe, we stated the government had other means to "ameliorate any injustice" and that "[e]ven now, the prosecution may seek dismissal of some or all of the charges against Thorpe under Rule 48(a)." *Id.* at 1109 (citing *Rinaldi v. United States*, 434 U.S. 22 (1977) (per curiam)).

The government did not, however, make any motion before this court or the district court to vacate Thorpe's convictions. *Cf. Rinaldi*, 434 U.S. at 25 n.8 (recognizing an appellate court may vacate a judgment on direct appeal and remand for the entry of a Rule 48(a) motion). Knight, meanwhile, moved for expedited issuance of the mandate so he could sooner benefit from the decision. Thorpe and the government did not oppose Knight's request and declined to seek Supreme Court review of our decision. We accordingly issued the mandate. On remand, Knight was released immediately because he had already served the maximum sentence available under the original deal.

Over one year later, Thorpe sought postconviction relief under 28 U.S.C. § 2255. Although the government opposed this motion, it filed a separate motion under Rule 48(a) to dismiss all charges against Thorpe except the charge contained in the original plea offer. The government argued dismissal would serve the interests of justice by eliminating the disparity

between Thorpe's and Knight's sentences. Thorpe consented to the motion.

The district court declined to "dismiss" Thorpe's convictions. The court explained that Rule 48(a) requires a court to ensure dismissal of a prosecution "adequately protects the public interest" before granting the motion. *United States v. Thorpe*, No. 13-131-1, 2023 WL 2139399, at *4 (D.D.C. Feb. 21, 2023) (quoting *United States v. Ammidown*, 497 F.2d 615, 622 (D.C. Cir. 1973)). While recognizing the Executive has broad constitutional authority over charging decisions, the court found that the reasons supporting this discretion "are at their lowest ebb" when a defendant has been convicted and sentenced and has exhausted appellate review. *Thorpe*, 2023 WL 2139399, at *6, *4. Once a judgment is final, any effort by the government to "dismiss" charges infringes on the district court's "constitutional prerogative to fashion an appropriate sentence" and ensure that it is carried out. *Id.* at *6. Having concluded the dismissal of Thorpe's convictions would threaten the constitutional separation of powers and fail to serve the public interest, the district court denied the government's Rule 48(a) motion.[1]

Thorpe appealed. Because the government declined to defend the district court's ruling on appeal, we appointed Keenan Roarty as amicus to argue in favor of the decision.[2] We review the denial of a Rule 48(a) motion for abuse of discretion. *See Rinaldi*, 434 U.S. at 32.

---

[1] The district court also denied Thorpe's section 2255 motion. Thorpe separately appealed this ruling, but we declined to issue a certificate of appealability and dismissed the appeal.

[2] Mr. Roarty has very ably discharged his duties, and we thank him and Sean Marotta, co-counsel of record, for their assistance.

5

II.

We affirm the district court's denial of the government's motion. Considering the text and structure of Rule 48(a), its common law precursor, and the constitutional separation of powers, the government cannot dismiss criminal charges when a judgment is final. Unless a final judgment is vacated or otherwise set aside, there is no prosecution to "dismiss" and Rule 48(a) provides no authority to vacate the judgment. Because Thorpe's judgment was final, the government could not rely on Rule 48(a) alone to vacate it.

A.

On appeal, Thorpe and the government argue the district court abused its discretion in denying the unopposed Rule 48(a) motion.

We have emphasized that "decisions to dismiss pending criminal charges" under Rule 48(a), when it applies, "lie squarely within the ken of prosecutorial discretion." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). As such, a district court may deny leave of court in only "extremely limited circumstances in extraordinary cases." *United States v. Hamm*, 659 F.2d 624, 629 (5th Cir. 1981); *see also Fokker Servs.*, 818 F.3d at 742 (explaining Rule 48(a) does not "confer any substantial role for courts in the determination whether to dismiss charges").

No such extraordinary circumstances appear to be present in this case, given that the motion was unopposed and there is no evidence the government acted improperly or in bad faith. *See Rinaldi*, 434 U.S. at 29 n.15 ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment … when the Government moves to dismiss an indictment over the

defendant's objection."). If Rule 48(a) allowed for dismissal at this stage of the proceedings, we would be hard pressed not to conclude that denial of the motion was an abuse of discretion.

Amicus, however, defends the district court's decision on the ground that Rule 48(a) does not permit the government to vacate criminal convictions once they have become final. This appears to be a legal question of first impression, perhaps in part because, as the district court observed, a Rule 48(a) motion in these circumstances is a "highly unusual request." *Thorpe*, 2023 WL 2139399, at \*4. To resolve this appeal, we must take up this "antecedent" and "ultimately dispositive" question whether Rule 48(a) can be used when a final judgment remains in place. *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990).

Thorpe and the government contend we cannot reach this issue because they did not raise it below, and therefore it cannot be raised for the first time on appeal by amicus. We are generally limited to the issues raised by the parties, and we will not consider an issue pressed for the first time on appeal by an amicus. *See FTC v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 226 n.4 (2013). But the principles of party presentation do not bar review of this issue. Although the parties agreed Rule 48(a) allowed for dismissal of Thorpe's convictions, the district court was not required to accept their understanding of the Rule because courts are not bound by parties' stipulations of law. *See Estate of Sanford v. Comm'r*, 308 U.S. 39, 51 (1939) ("We are not bound to accept, as controlling, stipulations as to questions of law."); *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) (holding that parties may not, "by agreeing on the legal issue presented," prevent a court from considering the validity of the law governing the case). The district court was "not limited to the particular legal theories advanced by the parties, but rather retain[ed] the independent power to identify and apply the proper

construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991).

Presented with the government's Rule 48(a) motion, the district court properly considered whether the government had authority to dismiss Thorpe's convictions and whether the court should give leave for a dismissal in these circumstances. Because the issue was raised and addressed by the district court, we may consider it here.[3] *See Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995) (recognizing that a reviewing court may reach a claim "not raised by [the] petitioner below" when "it was addressed by the court below").

## B.

Turning to the merits, we must decide whether Rule 48(a) empowers the government to dismiss criminal charges after the district court has entered judgment and the defendant's convictions have become final. Thorpe and the government emphasize that the power to prosecute lies exclusively with the Executive, and they maintain that, understood against this constitutional background, Rule 48(a) allows the government to dismiss a prosecution even when a conviction is final. We

---

[3] For similar reasons, *United States v. Smith*, 467 F.3d 785 (D.C. Cir. 2006), does not resolve Thorpe's forfeiture argument. In *Smith*, the district court granted a Rule 48(a) motion without analyzing whether the Rule could be used to effectively vacate a final conviction. Although we expressed doubt as to whether Rule 48(a) could be used in such circumstances, we declined to reach this objection because the defendant had forfeited it, *id.* at 789, and the district court had not raised the issue. By contrast, here the district court denied the government's Rule 48(a) motion in part on the ground that it could not properly be used to vacate a final conviction. *See Thorpe*, 2023 WL 2139399, at *4–6. Because the district court raised the issue, it is appropriate for us to consider it.

disagree. At this stage of the proceedings, there is no longer a prosecution to dismiss, which means Rule 48(a) provides no authority for the government to vacate Thorpe's convictions. This conclusion follows from the text of Rule 48(a), its common law foundations, and the separation of powers between the Executive and the Judiciary.

Rule 48(a) provides: "The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." Fed. R. Crim. P. 48(a).

It is well established that Rule 48(a) largely adopted the common law procedure of *nolle prosequi*, adding only the leave of court requirement. *See Ammidown*, 497 F.2d at 619–20; 3B Wright & Miller, Fed. Prac. & Proc. Crim. § 801 (4th ed. May 20, 2025 update). Literally translated "I am unwilling to prosecute," the *nolle prosequi* allowed the government to dismiss pending charges in a criminal prosecution. *Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987). Rule 48(a) codifies this authority and permits the government to dismiss a prosecution if it obtains leave of court.

In the criminal law, however, a prosecution does not extend indefinitely. A prosecution lasts only until the court enters the judgment. *See Prosecution*, Noah Webster, An American Dictionary of the English Language (1828) ("[T]he process of exhibiting formal charges against an offender before a legal tribunal, and pursuing them to final judgment."). The entry of judgment marks the consummation of criminal proceedings for the prosecution. *See United States v. Mayer*, 235 U.S. 55, 70 (1914) (holding that when "final judgment of conviction had been entered and sentence had been imposed," "[t]he judgment was subject to review in the appellate court, but so far as the trial court was concerned it was a finality").

Reflecting the nature and limits of a prosecution, Rule 48(a) empowers the government to dismiss criminal charges only when a prosecution is pending. The Rule authorizes the dismissal of an "indictment, information, or complaint." All of these are charging instruments used to initiate a prosecution. *See Indictment*, Black's Law Dictionary (12th ed. 2024) ("The formal written accusation of a crime, made by a grand jury and presented to a court for prosecution."); *Information*, *id.* ("A formal criminal charge made by a prosecutor without a grand-jury indictment."); *Complaint*, *id.* ("A formal charge accusing a person of an offense."). And Rule 48(a) equates the dismissal of a charging instrument with the termination of "the prosecution."[4] The best reading of Rule 48(a) is that the government can dismiss criminal charges only while a prosecution is ongoing. Once the court has entered judgment, the prosecution comes to an end, and the government loses its ability to dismiss the charges (unless the judgment is vacated by some other means, as we discuss below).

The government maintains that it can seek to "dismiss" Thorpe's final conviction, which is effectively a claim that the government may move at any point to *vacate* a criminal judgment. But Rule 48(a), standing alone, provides no authority to vacate a judgment.[5] By contrast, other rules of

___

[4] An earlier version of the Rule made this connection more explicit, providing that "the prosecution shall … terminate" upon the entry of a Rule 48(a) motion. Fed. R. Crim. P. 48(a) (1946). The change in language was "intended to be stylistic only." Fed. R. Crim. P. 48(a) advisory committee's note to 2002 amendment.

[5] To support its contrary reading, the government points to *Smith*, where we observed that "district courts retain some reservoir of jurisdiction" under 18 U.S.C. § 3231 "to entertain motions after final judgment." 467 F.3d at 788. But a district court's subject matter jurisdiction and the availability of certain motions are separate

criminal procedure explicitly provide mechanisms for vacating a judgment. For example, Rule 33(a) authorizes a defendant to move, within certain time limits, for the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 32(j) likewise recognizes a defendant's right to appeal his conviction or sentence once the judgment has been entered. *See* Fed. R. Crim. P. 32(j). These rules specifically provide mechanisms for challenging a court's judgment, but Rule 48(a) does not, which further confirms that the government cannot rely solely on its dismissal authority to vacate a judgment.

This interpretation is also consistent with the limits of *nolle prosequi*, which did not allow for dismissal of a prosecution after a court entered judgment. Because Rule 48(a) largely adopted the *nolle prosequi*, courts frequently look to the common law to understand the scope of the authority conferred by Rule 48(a). *See, e.g., United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006); *Hirabayashi*, 828 F.2d at 607–08.

At common law, a prosecutor's right to enter a *nolle prosequi*, and the consequences of this action, turned on the stage of criminal proceedings. Before the jury was empaneled, a prosecutor had absolute discretion to enter a *nolle prosequi* and dismiss pending charges, without bar to subsequent prosecution. *See Confiscation Cases*, 74 U.S. (7 Wall.) 454, 457 (1869); *see also* 1 Joel Prentiss Bishop, Commentaries on the Criminal Law § 856 (3d ed. 1865) (explaining the prosecution could enter a *nolle prosequi* "at any time" before the jury was empaneled). Once the jury was empaneled and

---

matters. While *Smith* held district courts have jurisdiction under section 3231 even after final judgment, it expressly declined to answer whether such jurisdiction could be used by the government to vacate the judgment relying only on Rule 48(a). *See id.* at 789.

11

jeopardy attached, the prosecution could not enter a *nolle prosequi* without obtaining the defendant's consent; otherwise, the defendant would be acquitted of the dismissed charges. *See United States v. Shoemaker*, 27 F. Cas. 1067, 1069–70 (C.C.D. Ill. 1840) (No. 16,279); *see also* Francis Wharton, A Treatise on Criminal Pleading & Practice § 383 (8th ed. 1880) ("[I]f the case be withdrawn when on trial, without the defendant's consent, this operates as an acquittal in all cases in which the defendant was in jeopardy at the trial."). Following the jury's verdict, the prosecutor could again enter a *nolle prosequi* without the defendant's consent, although doing so would bar future prosecution. *See United States v. Brokaw*, 60 F. Supp. 100, 102 (S.D. Ill. 1945); *see also* 1 Bishop, *supra*, § 858.

After the court entered judgment, however, a *nolle prosequi* could no longer be filed. "[T]he right of *nolle prosequi* emanate[d] from the Executive's power to initiate a criminal prosecution and to terminate a *pending* prosecution." *Korematsu v. United States*, 584 F. Supp. 1406, 1411 (N.D. Cal. 1984) (emphasis added). As a consequence, the power to enter a *nolle prosequi* did not "remain in existence after a criminal prosecution … c[a]me to an end." *Commonwealth v. Dascalakis*, 140 N.E. 470, 473 (Mass. 1923), *overturned on other grounds*, *Commonwealth v. Bly*, 830 N.E.2d 1048 (Mass. 2005). The government could file a *nolle prosequi* only "until such time as judgment is entered and sentence imposed." *Brokaw*, 60 F. Supp. at 102; *see also* Wharton, *supra*, § 383 (explaining a *nolle prosequi* "may, at common law, be entered at any time before judgment"); 1 Bishop, *supra*, § 858 (explaining a *nolle prosequi* could be entered "[a]fter a conviction, and before judgment"); *Nolle Prosequi*, 13 Encyclopaedia of Forms & Precedents for Pleading & Practice 173 (Thomas E. O'Brien ed., 1901) ("A nolle prosequi may be entered after verdict and before judgment."). At common law, it was well established that the Executive's prerogative to

dismiss a prosecution ended with the entry of the court's judgment.

Constitutional separation of powers also supports reading Rule 48(a) to preclude the government from using its "dismissal" authority to vacate final judgments. Article III of the Constitution vests federal courts with the power to issue binding judgments in cases and controversies within their jurisdiction. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 219 (1995) (explaining the "judicial Power is one to render dispositive judgments") (cleaned up); William Baude, *The Judgment Power*, 96 Geo. L.J. 1807, 1811 (2008) ("[T]he judicial power is the power to issue binding judgments and to settle legal disputes within the court's jurisdiction."). The Constitution expressly empowers the President to pardon criminal offenses. U.S. Const. art. II, § 2, cl. 1. But except for this limited grant, the Executive has no authority to vacate or set aside court judgments. *See Chicago & S. Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948) ("Judgments within the powers vested in courts by the Judiciary Article of the Constitution may not lawfully be revised, overturned or refused faith and credit by another Department of Government."); *Hayburn's Case*, 2 U.S. (2 Dall.) 409, 410 (1792) (explaining the Constitution does not authorize the Executive "to sit as a court of errors on the judicial acts or opinions" of an Article III court).

Once a court enters judgment, only a "superior court[] in the Article III hierarchy" can modify or vacate the judgment.[6] *Plaut*, 514 U.S. at 218–19; *Miller v. French*, 530 U.S. 327, 342 (2000) (same). Rule 48(a) reflects these fundamental

---

[6] In denying the government's motion, the district court demonstrated a similar concern for the finality of judicial decrees. *See Thorpe*, 2023 WL 2139399, at *4.

separation of powers principles by authorizing the Executive to dismiss criminal charges before the court enters judgment.

The plain meaning of Rule 48(a), understood in light of the common law and against the backdrop of constitutional separation of powers, is that the government may dismiss a prosecution only while the prosecution is pending. As discussed below, Rule 48(a) dismissal authority may be revived if the judgment is vacated on appeal or otherwise. But while a judgment is final, the prosecution is no longer pending and the government has no authority to dismiss charges under Rule 48(a).

C.

This interpretation of Rule 48(a) is perfectly consistent with Supreme Court decisions, such as *Rinaldi v. United States*, which allow the government to pursue a Rule 48(a) dismissal on direct appeal. Although Thorpe and the government attempt to extend these decisions to permit Rule 48(a) dismissals after appellate review has concluded, such an expansion is inconsistent with the statutory authority relied on by the Court.

In *Rinaldi*, the Supreme Court recognized that appellate courts have authority to vacate a district court's judgment and remand "to allow the Government to dismiss the indictment." 434 U.S. at 25 n.8. The Court grounded its authority to vacate a judgment in 28 U.S.C. § 2106, which allows an appellate court to order further proceedings if it would be "just under the circumstances." *Id.* (quoting 28 U.S.C. § 2106). In other criminal cases, the Supreme Court has similarly used section 2106 to vacate the judgment and remand with instructions for the lower court to permit the dismissal of charges under Rule

48(a).[7] *See, e.g.*, *Petite v. United States*, 361 U.S. 529, 531 (1960) (per curiam) ("The case is remanded to the Court of Appeals to vacate its judgment and to direct the District Court to vacate its judgment and to dismiss the indictment."); *Watts v. United States*, 422 U.S. 1032, 1032 (1975) (same); *Blucher v. United States*, 439 U.S. 1061, 1061 (1979) (same). These cases stand for the simple and uncontroversial proposition that *once a judgment has been vacated*, the government's authority to dismiss the prosecution under Rule 48(a) is effectively revived, and the motion to dismiss may be considered by the district court.

Although the government attempts to rely on *Rinaldi* and *Watts*, dismissal was permitted in those cases only because the appellate court had authority to first vacate the judgment under section 2106. But section 2106 applies only on direct appeal. Thorpe has exhausted direct appellate review of his criminal convictions, and this court no longer has authority under section 2106 to vacate the judgment and order further proceedings.[8] *See Johnson v. Bechtel Assocs. Pro. Corp., D.C.*,

---

[7] The Supreme Court has granted such requests when the government confesses on appeal that a conviction was obtained in violation of government policy. *See Thompson v. United States*, 444 U.S. 248, 249–50 (1980) (per curiam) (collecting cases); *Rinaldi*, 434 U.S. at 25 n.8 (explaining the Court had previously vacated and remanded in several cases in which the Solicitor General discovered a violation of Department of Justice policy while the case was pending before the Court).

[8] Nor can Thorpe and the government rely on *Smith* for the proposition that Rule 48(a) allows the government to seek dismissal after the conclusion of appellate review. In *Smith*, we explained that district courts have various authorities to modify or vacate a criminal sentence, but we declined to reach the "question of whether Rule 48 *alone* can properly be used to vacate a final conviction." 467 F.3d at

801 F.2d 412, 415 (D.C. Cir. 1986) (per curiam) ("Issuance of the mandate formally marks the end of appellate jurisdiction.").

The authorities to consider this issue have recognized that a Rule 48(a) motion is no longer available once appellate review is finished. *Korematsu*, 584 F. Supp. at 1411 ("[T]he prosecutor has no authority to exercise his *nolle prosequi* prerogatives at common law or to invoke Rule 48(a) after a person has been subject to conviction, final judgment, imposition of sentence and exhaustion of all appeals and, indeed, after a lapse of many years."); *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999) ("Under [Rule] 48(a), the government has the power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final."); 3B Wright & Miller § 802 (explaining a Rule 48(a) motion may be entertained "while the case is on direct appeal"). We are aware of no case (and the parties cite none) holding that a Rule 48(a) motion may be authorized by an appellate court after a defendant has exhausted appellate review of his criminal conviction.

Furthermore, allowing the government to "dismiss" Thorpe's convictions after they became final on direct review would undermine important finality interests. "When the process of direct review … comes to an end, a presumption of finality and legality attaches to the conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). The finality of criminal judgments is a bedrock principle of our criminal system that ensures justice is administered and wrongdoing is deterred. *See Calderon v. Thompson*, 523 U.S. 538, 555 (1998)

---

789 (emphasis added). We also expressed skepticism about "Rule 48's applicability post-conviction," given "both the text of the rule and its roots in the common law doctrine of *nolle prosequi*." *Id.*

("Finality is essential to both the retributive and the deterrent functions of criminal law."); *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion) ("Without finality, the criminal law is deprived of much of its deterrent effect."). This is yet another reason to reject the government's position that its authority to dismiss a prosecution under Rule 48(a) persists after a criminal judgment is final.

Because Thorpe has exhausted appellate review and his convictions are now final, this court has no authority to vacate the judgment and authorize the entry of a Rule 48(a) motion.[9]

### III.

We acknowledge that the government seeks to correct the apparent injustice of Thorpe being unable to accept the original plea deal offered to him, in part because of the ineffective assistance of his co-defendant's counsel.[10] Although the government can no longer rely on Rule 48(a), it is not powerless to afford relief. Article II of the Constitution grants the President broad and unreviewable authority to pardon criminal defendants for offenses against the United States. *See*

---

[9] In holding the government cannot use Rule 48(a) under these circumstances, we do not address whether the government could move to dismiss charges under Rule 48(a) after the judgment has been vacated or set aside under other provisions, such as 28 U.S.C. § 2255 or Rule 33.

[10] Thorpe and the government claim the government was only following our suggestion in *Knight II* when it filed its Rule 48(a) motion. But *Knight II* cited *Rinaldi*, which tied the availability of a Rule 48(a) motion to the existence of an ongoing appeal that resulted in vacatur of the judgment under section 2106. *See Knight II*, 981 F.3d at 1109. Section 2106 is not available here, and, as we have already observed, the government made no attempt to disturb the judgment against Thorpe before it became final.

U.S. Const. art. II, § 2, cl. 1; *see also United States v. Klein*, 80 U.S. (13 Wall.) 128, 147 (1871) ("To the executive alone is intrusted the power of pardon; and it is granted without limit."). The Executive need not "enlist the Judiciary" and ask the court "to depart from standard practices and procedures" to afford relief under these circumstances. *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2581 (2022) (statement of Kavanaugh, J.).

Moreover, criminal defendants have other means to challenge the legality of their convictions or the duration of their confinement. A defendant whose conviction "was imposed in violation of the Constitution or laws of the United States," or otherwise was beyond the authority of the court, may seek postconviction relief under 28 U.S.C. § 2255(a). Likewise, a defendant or the government may move for a reduction of sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). And in narrow circumstances, a defendant may seek a writ of *coram nobis* from the district court "to redress a fundamental error." *United States v. Denedo*, 556 U.S. 904, 911 (2009). Although we take no position on whether Thorpe could successfully invoke these procedures, their availability demonstrates that a defendant is not completely without remedy after his convictions become final.

Whatever avenues for relief exist, at this juncture, Rule 48(a) is not one of them. Rule 48(a) recognizes the Executive's broad authority over the initiation and termination of criminal prosecutions. Once criminal proceedings are complete and a judgment is final, the government cannot use its power over prosecutions to abate the harshness of the law.

\* \* \*

Because Thorpe's convictions are final, the government cannot rely solely on a Rule 48(a) motion to vacate them. We

therefore affirm the district court's denial of the government's motion.

*So ordered.*